IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

WALTER GEORGE WIESE and
CARLA KAY WIESE,

            Appellants,

                                      MEMORANDUM AND ORDER
   v.                                    Appeal No. 07-C-422

COMMUNITY BANK OF CENTRAL WISCONSIN,

            Appellee.
_____

In Re:    WALTER GEORGE WIESE and
           CARLA KAY WIESE

           Debtors.
_____

      Walter Wiese and Carla Wiese (debtors-appellants) filed for bankruptcy under Chapter 12 of the Bankruptcy Code on January 13, 2006 because of their inability to make payments on debts owed to Community Bank of Central Wisconsin (creditor-appellee).  After over a year of bankruptcy proceedings and the confirmation of a plan debtors-appellants moved the bankruptcy court for voluntary dismissal of the proceedings under 11 U.S.C. § 1208(b).  Bankruptcy Judge Thomas Utschig ordered the dismissal and that "[p]ursuant to 11 U.S.C. § 349(b), for cause, the terms of the confirmed plan shall remain binding upon the parties notwithstanding the dismissal of this case."  (Bankr. Ct. Order at 3, June 6, 2007.)  Debtors-

appellants timely appealed the bankruptcy court's order. This Court has jurisdiction over the appeal under 28 U.S.C. § 158(a)(1).

MEMORANDUM

Debtors-appellants argue that the bankruptcy court's order was wrong as a matter law and should be altered because by stating that the confirmed plan remained binding despite the dismissal the bankruptcy court essentially denied their request for dismissal. Creditor-appellee argues that the bankruptcy court's order should be affirmed as it stands because not affirming the order would allow debtors-appellants to avoid their confirmed plan.

In addressing an appeal from a bankruptcy court order a district court will not set aside findings of fact unless they are clearly erroneous. Mungo v. Taylor, 355 F.3d 969, 974 (7th Cir. 2004) (quoting Fed. R. Bankr. P. 8013). Furthermore, all conclusions of law are reviewed de novo. Id. (citation omitted). This appeal involves a conclusion of law concerning a debtor's right to voluntarily dismiss its Chapter 12 bankruptcy proceedings and the effect of such a dismissal. Accordingly the Court reviews the issue de novo.

Under a Chapter 12 bankruptcy proceeding a debtor's right to voluntarily dismiss its case is addressed under 11 U.S.C. § 1208(b) which states:

> On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any

      waiver of the right to dismiss under this subsection is unenforceable.

(emphasis added). Furthermore, this right is an "absolute right to dismiss a chapter 12 case at any time . . . even if the debtor has been removed from possession or if a plan has been confirmed." 8 <u>Collier on Bankruptcy</u> § 1208.02 (Alan N. Resnick et al., eds., 15th ed. rev. 2007).

    Once a case is dismissed the effect of dismissal is governed by 11 U.S.C. § 349(a) & (b). The purpose behind subsection (b) "is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R. Rep. No. 95-595, at 337-38 (1977); S. Rep. No. 95-989, at 48-9 (1978). Stated another way, "the dismissal of a bankruptcy case should re-establish the rights of the parties as they existed when the petition was filed." <u>In re Derrick</u>, 190 B.R. 346, 350 (Bankr. W.D. Wis. 1995).

    However a bankruptcy court is permitted to order otherwise (i.e., not re-establish certain rights) "for cause." 11 U.S.C. § 349(b). The Seventh Circuit has determined that "cause" means "an acceptable reason." <u>In re Sadler</u>, 935 F.2d 918, 921 (7th Cir. 1991). Furthermore, attempting to avoid the effects or purpose of a statute is not an acceptable reason. <u>Id.</u>

    In this case, the bankruptcy court correctly granted debtors-appellants' motion to dismiss under 11 U.S.C. § 1208(b). However, the court erred and defeated the purpose of the dismissal statute

3

by ordering that the confirmed plan remains binding on the parties. Allowing a confirmed plan to remain binding after dismissal would not permit a debtor to abandon its bankruptcy relief and would make the dismissal statute void of any purpose or effect. Also, the fact that 11 U.S.C. § 1208(b) contains a provision that makes any waiver of the right of dismissal unenforceable further bolsters that a confirmed plan cannot remain binding after dismissal because otherwise confirmation of a plan would permit avoidance of § 1208(b)'s waiver provision by acting as a waiver without using the term waiver. Accordingly, granting dismissal but further ordering that the confirmed plan remains binding would nullify the purpose and effect of 11 U.S.C. § 1208(b) and the bankruptcy court's decision to do as much must be vacated.

Creditor-appellee argues that despite debtors-appellants' absolute right to dismiss under 11 U.S.C. § 1208(b) the bankruptcy judge had "cause" under 11 U.S.C. § 349 to order that the confirmed plan remain binding. Creditor-appellee is mistaken, there is no "cause" in this case. The bankruptcy court and creditor-appellee cite to the fact that the parties had "negotiated a confirmed plan after a series of contested hearings" as the "cause" behind the bankruptcy court's order. (Bankr. Ct. Order at 3.) However, negotiation of a confirmed plan is not an acceptable reason, i.e., "cause", to support the bankruptcy court's order because such a

4

reason would erroneously allow an end run around the effect and purpose of 11 U.S.C. § 1208(b). See Sadler, at 921.

Moreover, as previously stated, confirmed plans would essentially become waivers of debtors' absolute right of dismissal, and waivers are expressly unenforceable under § 1208(b). Permitting the negotiation of the confirmed plan to be "cause" for ordering that the confirmed plan remain binding on the parties is merely a creative way to avoid the implications of the absolute right of dismissal contained in § 1208(b) and "[i]t is not part of the judicial office to seek out creative ways to defeat statutes." Sadler, at 921. Accordingly, the bankruptcy court had no "cause" to order that the confirmed plan remain binding on the parties.

The granting of debtors-appellants motion for voluntary dismissal of their Chapter 12 bankruptcy case was correct. However, as a matter of law the bankruptcy court erred in making the terms of the confirmed plan binding on the parties notwithstanding the dismissal of this case. Accordingly, the dismissal of debtors-appellants' bankruptcy case is affirmed but the order that the terms of the confirmed plan remain binding on the parties is vacated and debtors-appellants are free to pursue any legal claims they may have including those addressed in the confirmed plan.

ORDER

IT IS ORDERED that debtors-appellants' appeal from the bankruptcy court's June 6, 2007 order is GRANTED.

IT IS FURTHER ORDERED that the bankruptcy court's June 6, 2007 order granting dismissal is AFFIRMED as to dismissal of the case and VACATED as to the remainder of the order.

Entered this 18th day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge